IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL PALMER,

*Plaintiff,*

v.

RICHARD ROBBINS,

*Defendant.*

Civil Action No.
4:19-cv-00167-RSB-CLR

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE***

Defendant Richard Robbins, through counsel, respectfully submits this brief in support of his Motion *in Limine*. Defendant Robbins asks that the Court exclude the following from the evidence that is to be presented at trial, and to preclude all parties, counsel, and witnesses from testifying, suggesting, referencing, arguing, or commenting upon the following.

Pursuant to the Court's instruction, on January 18, 2021, the parties conducted a "meet and confer" regarding the proposed subjects of the parties' respective motions in limine. Accordingly, Defendant Robbins has indicated herein which topics are anticipated to be consented to and which are anticipated to be opposed.

**A. Evidence Regarding Other Claims and Other Parties**

On information and belief, Defendant does not anticipate Plaintiff objecting to this portion of the motion in limine as it relates to parties other than Defendant Robbins, but Plaintiff may object in whole or in part as it relates to Defendant Robbins.

Plaintiff's amended complaint asserted individual capacity claims for malicious prosecution against a Mr. McBride and a Mr. Winston, as well as Defendant Robbins. *See* Doc.

8. The amended complaint also asserted a Fourteenth Amendment equal protection claim (denominated as a "racial discrimination" claim) against Defendant Robbins. *See id*. Based on prior orders of this Court, all claims against Defendants McBride and Winston have been dismissed, and all claims against Defendant Robbins have been dismissed (including the Fourteenth Amendment claim), other than the sole remaining claim of an individual capacity Fourth Amendment malicious prosecution claim. *See* Docs. 17, 54. Discussion of any of the dismissed claims would be unfairly prejudicial to Defendant Robbins, as well as risk confusion of the jury.

Additionally, as will be more fully explained below, Defendant ask that the Court exclude any testimony and other evidence regarding any alleged harassment, retaliation, racism, or other bad acts by the dismissed defendants or any other employees at GSU, as well as a broader discussion of any alleged improprieties in the treatment of employees at GSU.

It would also be inappropriate to discuss any of these other alleged claims or bad acts that have already been dismissed, and these general discussions on broader issues, particularly as they relate to any alleged issues of racial discrimination, run the risk of jury confusion, particularly in the current environment where such issues have been so prevalent recently in other totally unrelated cases.

In sum, testimony and other evidence regarding whether any non-party GSU employee harassed, retaliated, or otherwise acted improperly against Plaintiff, or any other GSU employee, as well as any testimony or other evidence regarding alleged bad conditions generally at GSU, would be irrelevant and inadmissible under Fed. R. Evid. 401 and 402, and also unduly prejudicial under Fed. R. Evid. 403. Defendant asks that such evidence be excluded to the extent possible, and that the jury be provided appropriate limiting instruction if any of such evidence is

admitted.

**B. "Other Act" Evidence**

On information and belief, Defendant Robbins anticipates that Plaintiff may object to this request in whole or in part.

Defendant Robbins anticipates that Plaintiff may attempt to present evidence or elicit testimony accusing him of other bad acts to demonstrate a propensity to act improperly as to Plaintiff, or otherwise just generally to cast Defendant in a bad light. There are two particular items of most concern to Defendant Robbins. First, Plaintiff has indicated that he may be introducing evidence (presumably uncorroborated testimony) to allege that approximately a decade ago, Defendant Robbins may have used a cement mixer that belonged to GSU in connection with home repairs at his house. Defendant Robbins denies any such allegations, but in any event, such evidence is improper and should be excluded because it is not relevant under Rule 401, and also because as explained below it is improper character evidence under Rule 404(b). Second, Defendant Robbins also is concerned that Plaintiff may try to introduce evidence of prior alleged acts of racism by Defendant Robbins (which are denied), or otherwise try to "re-litigate" the already dismissed Fourteenth Amendment claim.

First, the alleged other act evidence should be excluded from the trial under Rules 401 and 402 because it has no relevance to the central issues in this case: (1) whether Defendant Robbins instigated a prosecution of Plaintiff; (2) whether his actions were the proximate cause of any prosecution of Plaintiff; and (3) whether any such conduct was more than mere negligence. Even if it were true, the fact that Defendant Robbins may have used a GSU cement mixer more than a decade has no bearing on any claim or defense in this case. Similarly, any alleged improper statements by Defendant Robbins are not relevant to the central issues in this case –

was there probable cause to commence a prosecution against Plaintiff, and was Defendant Robbins' alleged involvement negated by the multiple levels of law enforcement and GSU leadership intervention that came between Defendant Robbins and the eventual prosecution. Such alleged statements or racist acts might have been relevant to the Fourteenth Amendment claim, but that claim has been dismissed.

Second, the alleged other act evidence should be excluded because it is improper character evidence. Rule 404(b) provides, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b). To be admissible under Rule 404(b), the proffered evidence must: (1) be relevant to one of the enumerated issues and not to the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act; and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and the evidence must satisfy Rule 403. *United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000).

The party offering evidence under Rule 404(b) "bears the burden of showing that the proffered evidence is relevant to an issue other than character." *United States v. Youts,* 229 F.3d 1312, 1317 (10th Cir. 2000); *see also Williams v. Asplundh Tree Expert Co.*, 2006 U.S. Dist. LEXIS 7323871, *6, Fed. R. Evid. Serv. (Callaghan) 509 (M.D. Fla. 2006). "The proponent of the evidence must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence." *Id.*

FED. R. EVID. 401 and 402 work in conjunction to exclude irrelevant evidence. "The

test for relevancy [is] … the evidence sought to be admitted must tend to make the existence of some fact *to be proved* more or less probable than it would be without the evidence." *United States v. Dothard*, 666 F.2d 498, 501 (11th Cir. 1982) (emphasis added). In the instant case, Plaintiff cannot demonstrate that any assertion of a prior or subsequent act of racism or alleged decade old alleged use of a cement mixer (or other bad acts) by Defendant Robbins is relevant to one of the exceptions set forth in Rule 404(b). Rather, such a proffer would be solely for the purpose of creating an inference that Defendant characteristically engaged in malicious acts as to Plaintiff or other employees, and acted in conformity with that characteristic in November and December 2016 when reporting the theft of gasoline from GSU pumps. "This is precisely the inference that *Rule 404(b)* will not allow." *Luka v. City of Orlando*, 382 Fed. Appx. 840, 842 (11th Cir. 2010) (evidence that 68 complaints of excessive force were filed against officer was inadmissible under Rule 404(b)).

The second prong of this Circuit's Rule 404(b) analysis requires that any proffered prior act be proved sufficiently to permit a jury determination that the Defendant(s) committed the act. *See United States v. Chavez,* 204 F.3d 1305, 1317 (11th Cir. 2000). As set forth by the Supreme Court, "In the Rule 404(b) context, similar act evidence is relevant only if the jury can reasonably conclude that the act occurred and the defendant was the actor." *Huddleston v. United States*, 485 U.S. 681, 689 (1988). This precludes the offering party's ability to "parade past the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo." *Id.; see also Brooks v. Scheib*, 813 F.2d 1191 (11th Cir. 1987) ("Courts traditionally have harbored strong misgivings about allowing allegations of past wrongdoing to bias judges and juries reviewing new charges. This hostility towards claims of past wrongdoing is especially intense when strong

factual support is lacking.") Rather, in order to determine relevance, the trial court "examines all the evidence in the case and decides whether the jury could reasonably find the [prior act] … by a preponderance of the evidence." *Id.* at 690

Here, there is no alleged prior bad act by Defendant Robbins that Plaintiff could show with the level of proof required. Plaintiff has not identified any witness or evidence corroborating this fabrication regarding an alleged decade old use of a GSU cement mixer in connection with a home repair project at the home of Defendant Robbins. Similarly, Plaintiff has not proffered any witness or evidence with admissible evidence demonstrating that another act of racism (or the alleged improper use of company property) occurred. Moreover, any claim regarding the alleged discrimination or unequal protection as to Plaintiff was dismissed. Therefore, no other acts evidence should come into evidence in this case. *See Hooks v. Langston*, 2007 U.S. Dist LEXIS 45737, *3 (S.D. Ga. 2007) (excluding testimony and evidence regarding unsubstantiated beatings); *Graham v. Burns*, 2007 U.S. Dist LEXIS 49682, *18 (S.D. Ga. 2007) ("all prior bad acts evidence must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act.")

Finally, FED. R. EVID. 403 provides, "[A]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Admitting evidence of other allegations against Defendant Robbins in this action would lead to undue prejudice, confusion of the issues, misleading of the jury, undue delay and wasting of time that substantially outweighs any probative value. "Proof of prior incidents or occurrences are not easily admitted into evidence, since they can often result in unfair prejudice, consumption of time and distraction of the jury to

collateral matters." *Uitts v. General Motors Corp.*411 F. Supp. 1380, 1383 (E.D. Pa. 1974), *aff d.*, 513 F.2d 626 (3d Cir. 1975). As explained in *Uitts*,

> Defendant, in order to minimize the prejudicial effect of [the evidence of other incidents], would have had to go through each one individually with the jury. The result would have been a mini-trial on each of the thirty-five complaints offered by plaintiffs. This would lengthen the trial considerably and the minds of the jurors would be diverted from the claim of the plaintiffs.

*Id.*

As in *Uitts*, permitting Plaintiff to proffer unsubstantiated allegations of bad acts by Defendants Robbins, or related claims of retaliation or harassment by him, in this case will divert the jurors from the claim at issue in this action: whether a malicious prosecution occurred against Plaintiff by Defendant Robbins as alleged. Moreover, the probative value of allegations or evidence regarding other alleged bad acts is substantially outweighed by the danger of unfair prejudice where there is no demonstrated substantiation of the other acts. *See Phillips v. City of New York*, 871 F. Supp. 2d 200, 203 n.2 (E.D. NY 2012). Accordingly, whatever minimal probative value such evidence might have is substantially outweighed by various negative effects that Rule 403 protects against.

To the extent any evidence of such bad acts are permitted to be admitted, any such submission should be accompanied by appropriate limiting instructions regarding any discussion of other alleged bad acts that do not form the basis of claims in this case. This would include, among other things, a clarification that there is no claim for racial discrimination or equal protection. All other "other acts" evidence should be excluded.

**C. "Other Act" Evidence -- Pertaining to Other GSU Employees**

On information and belief, Defendant does not anticipate that Plaintiff intends to object to

this request, at least in whole.

Plaintiff may attempt to offer testimony that he has been subjected to abuse (whether racial or otherwise) by other employees of GSU. Such evidence would be inadmissible because: (1) the evidence is not relevant or probative on any disputed issue in this case, *see* Fed. R. Evid. 401 and 402; (2) the evidence constitutes other bad act evidence as described above, *see* Fed. R. Evid. 404(b); and (3) the evidence is independently excludable because any probative value it could have will be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and undue consumption of time it, *see* Fed. R. Evid. 403.

Whether or not other employees at other times acted inappropriately against Plaintiff, or committed any other act that Plaintiff deems wrongful, does not prove or disprove that Defendant Robbins is liable for malicious prosecution as to Plaintiff based on alleged acts of Defendant Robbins in November or December 2016 to communicate with Officer McBride and/or prosecutors regarding the theft of gasoline from a GSU pump. Further, in order to properly rebut any such evidence Defendant would have to call all of the employees involved in those other alleged incidents; present all of the documents or other evidence associated with the alleged other bad acts; and conduct a mini-trial diverting the jury's attention from the relevant inquiry in this case -- whether Plaintiff was subjected to a malicious prosecution caused by Defendant Robbins, and whether any such malicious prosecution was the cause of any injuries suffered by Plaintiff.

While "Rule 404(b) does not exclude evidence that is linked in time and circumstances with the charged crime or that forms an integral and natural part of an account of the crime to complete the story of the crime for the jury[,]" *United States v. McNair*, 605 F.3d 1152, 1203 (11th Cir.) (citations omitted), *cert. denied*, 131 S. Ct. 1600 (2011); it does provide that

"[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Plaintiff may not offer such evidence for these purposes under Fed.R. Evid. 404(b). To the extent that evidence of other acts by other employees are admitted into evidence for some proper purpose, Defendant asks that the Court give the jury appropriate limiting instruction to make it clear that Plaintiff does not and cannot bring claims against Defendant based on the alleged conduct of other persons.

### D. Evidence Regarding Any Action or Policy of the State of Georgia and/or the Georgia Board of Regents (Other than GSU Policy Regarding Discipline of Employees) Should Be Excluded

On information and belief, Plaintiff does not intend to object to this portion of the motion in limine.

Neither the State of Georgia nor the Georgia Board of Regents is a party to this lawsuit. Accordingly, any evidence of an action or allegations against the Georgia Board of Regents or State of Georgia, or issue within the Georgia Board of Regents or State of Georgia, is improper in this matter and should be excluded at trial.

Evidence of unrelated incidents within the Board of Regents or State of Georgia are irrelevant to the issues in this case and should be excluded. The only issue in this case concerns whether Defendant violated the Plaintiff's Fourth Amendment rights in November and December of 2016 based on the claimed interactions that Defendant Robbins had with various law enforcement officers and/or prosecutors. Defendant cannot and should not be held responsible for the actions of entities who are not a party to this lawsuit. Nor should Plaintiff's claim be bolstered by claims and allegations against the Board of Regents or State of Georgia. Such evidence would be an attempt by Plaintiff to improperly influence the jury and to suggest

Defendant's liability by association. What other entities not parties to this lawsuit might have done is not relevant to this dispute. Any evidence or testimony in this regard is irrelevant, prejudicial and misleading and should not be introduced to the jury. Accordingly, evidence of an action against or allegations involving the Georgia Board of Regents or State of Georgia should be excluded at trial.

Plaintiff also may attempt to testify that Defendant or other officers violated Georgia Board of Regents' policies and/or procedures. Such testimony is irrelevant. Section 1983 provides a remedy for a violation of a federally protected right, not a department policy. *See Baker v. McCollan*, 443 U.S. 137 (1979). An officer's alleged failure to follow department policy does not amount to a constitutional violation. *See Knight v. Jacobson,* 300 F.3d 1272, 1276 (11th Cir. 2002); *Taylor v. Adams*, 221 F.3d 1254, 1259 (11th Cir. 2000).

The policies of the Georgia Board of Regents do not establish a constitutional right. Thus, testimony regarding any alleged policy violation is irrelevant and inadmissible under Fed. R. Evid. 402. Further, allowing testimony of any alleged violations of policy would confuse the jury as to the standard in the case possibly causing them to infer that a policy violation is tantamount to constitutional violation giving rise to liability in the case. Thus, such evidence also would be unfairly prejudicial and should be excluded under Fed. R. Evid. 403. The only policies relevant here would be those that permit Georgia Southern University supervisors such as Defendant Robbins to respond to suspected actions requiring disciplinary action. In particular, Defendant Robbins intends to introduce GSU policy 2500 regarding "Employee Counseling and Disciplinary Action", but no other policies of GSU, the Board of Regents, or the State of Georgia.

**E. Hearsay Statements Should Be Excluded**

On information and belief, Plaintiff may object to this request, in whole or in part.

To the extent they exist and are intended to be used at trial, any testimony by proposed witnesses Ms. Raines or Mr. Parker about Defendant's or other GSU employees' alleged plot to falsely implicate Plaintiff, to pressure Mr. Winston to falsely implicate Plaintiff, and/or any hearsay testimony about racist attitudes or opinions directed at Plaintiff (or other bad acts) are inadmissible hearsay. Based on the testimony that Ms. Raines provided at her deposition, it appears likely that she may testify that she had conversations with Mr. Winston, as well as other GSU employees, including a Mr. Parker, a Mr. Ronald, and a Mr. Donnell. In her deposition, Ms. Raines testified that some or all of these non-parties told her that Defendant Robbins openly used numerous racial slurs, openly admitted to all of them that he was fabricating all of the theft allegations against Plaintiff, and pressured Mr. Winston to falsely implicate Plaintiff (which is denied). Additionally, Ms. Raines appeared to testify that she heard some or all of these non-parties tell her that Defendant Robbins (or others acting under his direction) were threatening the lives of Mr. Winston, Plaintiff, and/or Ms. Raines herself (allegations with no corroboration and which are also vigorously denied). To be clear, this hearsay argument would not apply to any statements allegedly made directly by Defendant Robbins to Ms. Raines. However, even if such statements were allegedly said directly by Defendant Robbins to Ms. Raines, they would not be relevant to a claim or defense in this case, and would be unfairly prejudicial.

Similarly, based on Mr. Parker's deposition testimony, it is anticipated that his trial testimony would consist entirely (or substantially) of second (or third) degree hearsay regarding an alleged plot to falsely implicate Plaintiff (including a plot to pressure Mr. Winston to falsely implicate Plaintiff), and/or second (or third) degree hearsay about alleged racial or other pejorative statements made by Defendant Robbins. At his deposition, Mr. Parker admitted that he

had no meaningful conversations with Mr. Robbins on any topic, and none with Mr. Winston regarding these issues. Rather, his sole connection to this case was his second or third degree hearsay that he heard from Plaintiff and/or Ms. Raines, regarding alleged statements made to them. None of Mr. Parker's testimony would fall within any recognized exception to the hearsay rules, and thus should be excluded in its entirety.

Additionally, Plaintiff has proffered as proposed exhibits some alleged recordings that he or his father made of Mr. Winston, who is no longer a defendant in this case. On information and belief, these recordings were made surreptitiously. Similarly, Plaintiff proffered a prior written statement of Mr. Winston. Mr. Winston is no longer a party in this case, and thus these statements (or any other prior statements not otherwise subject to an exception to the hearsay rule) are not admissible as admissions of a party-opponent. In addition to being inadmissible hearsay, these secret recordings would also be unfairly prejudicial, as well as potentially exposing Mr. Winston to unfair embarrassment or harassment, in violation of Fed. R. Evid. 611. To be clear, if Plaintiff merely intends to hold these recordings of Mr. Winston "in reserve" to use as possible impeachment material as a prior inconsistent statement, they would be admissible for that limited purpose – assuming, of course, that the recordings are actually inconsistent with any testimony that Mr. Winston provides at the trial. In such circumstances, Defendant Robbins would request that there be an appropriate curative instruction to clarify the limited nature of the statements' admission.

Finally, Plaintiff may seek to testify regarding alleged racist or other prejudicial out-of-court statements allegedly made by Defendant Robbins or other GSU employees, which statements should be excluded to the extent they are not otherwise subject to an exception to the hearsay rules.

If the declarant testifies at trial and testifies to different facts, then perhaps these items might be admissible for purposes such as impeachment or refreshing the declarant's recollection or rebutting a charge of recent fabrication. Such statements, however, are inadmissible hearsay, to the extent they might be offered for the truth of the matter asserted therein. *See* Fed. R. Evid. 802.

**F. Testimony of Plaintiff's Wife, Daughter, and Father**

On information and belief, Defendant anticipates that Plaintiff may object to this request in whole or in part.

Plaintiff has proffered as proposed witnesses his father, wife, and daughter. On information and belief, their testimony would relate to the impact that Plaintiff's arrest had on them. None of these three witnesses are plaintiffs in this action, so any alleged pain and suffering incurred by them is not relevant to a claim in this case. Thus, their testimony should be excluded under Fed. R. Evid. 401 and 402 as irrelevant. Moreover, there is no dispute that Plaintiff was arrested, and Plaintiff is capable of testifying about the impact it had on him, which would be the relevant inquiry for his claim.

If these family members testified about their impression of the arrest and the impact it had on them, it would appear that they had claims in the case, which they do not. Thus, there is a risk of jury confusion or unfair prejudice from these witnesses testifying, and thus their testimony should also be excluded under Fed. R. Evid. 403.

Finally, on information and belief, Plaintiff may intend to proffer the testimony of his father as a means to try to admit the hearsay recordings that were allegedly made of Mr. Winston, who is a dismissed defendant in this case. As discussed above, those statements are inadmissible hearsay, and thus Plaintiff's father should not be permitted to testify for purposes of

admitting those hearsay statements or otherwise describing the contents of such alleged statements to the jury.

**G. Insurance Coverage**

On information and belief, Plaintiff consents to this portion of the motion in limine.

Evidence that Defendant is insured against liability is not admissible as it relates to his potential liability to Plaintiff. *See* Fed. R. Evid. 411. Whether and how Defendant is insured is irrelevant to the jury's ultimate determinations. Further, reference to the existence or extent of Defendant's liability insurance could also prove highly prejudicial in potentially swaying a jury considering whether Defendant is liable for the actions alleged by Plaintiff. Simply stated, such collateral evidence is irrelevant and prejudicial, and Plaintiff should be barred from offering any testimony or other evidence of insurance to establish his claims against Defendants.

Plaintiff should be prohibited from making reference to the Department of Administrative Services (or any other entity perceived by Plaintiff as being involved with liability insurance coverage or settlement of the claims in this action) or mentioning insurance coverage applicable to Defendant as any such reference is irrelevant to the issues in this matter and prejudicial. *See* Fed. R. Evid. 401, 402, 403.

As part of this request, Defendant further requests that Plaintiff be prohibited from referring to the fact that Department of Administrative Services is providing his attorney representation. On information and belief, Defendant does not anticipate Plaintiff objecting to this request.

Respectfully submitted this 11th day of February, 2022,

Respectfully submitted,

Christopher M. Carr 112505
Attorney General

Kathleen M. Pacious 558555
Deputy Attorney General

Roger A. Chalmers 118720
Senior Assistant Attorney General

*s/ Brian E. Goldberg*
Brian E. Goldberg 417635
Assistant Attorney General

*/s/ Wade W. Herring, III* 278313
WADE W. HERRING, III
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO
Brian E. Goldberg
State Law Department
40 Capitol Square SW
Atlanta, GA 30334
Tel: (404) 458-3555
Fax: (404) 651-5304
Email: bgoldberg@law.ga.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2022, I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Drago Cepar, Jr.
1900 The Exchange
Suite 490
Atlanta, GA 3039

/s/Brian E. Goldberg
BRIAN E. GOLDBERG 417635
Assistant Attorney General