IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL PALMER,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD ROBBINS<br><br>Defendants. | Civil Action No.<br><br>4:19-cv-00167-RSB-CLR |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE**

COMES NOW Michael Palmer, Plaintiff in the above styled action and hereby files this his Brief in Support of his Motions in Limine.

**PLAINTIFF'S MOTIONS IN LIMINE**

COMES NOW Michael Palmer the Plaintiff in the above captioned case, before commencement of the Pretrial Conference, and respectfully moves that counsel for the Defendant, and through such counsel any and all defense witnesses, be instructed to refrain from making any mention or interrogation, argument, or statement, directly or indirectly, in any manner whatsoever, of any of the matters set forth herein. Permitting interrogation of witnesses, comments to jurors or prospective jurors, statement or

argument to such jurors, or offers of evidence concerning these matters will prejudice the jury or be fundamentally unfair to the Plaintiff.

Plaintiff respectfully moves this Court for an Order granting the following designated motions in limine, and shows the Court as follows:

1. **Defendant Is Not Allowed to Call as an Expert Witness any Individual Who Has Not Been Designated as an Expert Witness Under Rule 26 of the Federal Rules of Civil Procedure.**

Neither the Defendant nor the Plaintiff have identified any expert witnesses. Nevertheless, out of an abundance of caution, Plaintiff moves in limine for an Order prohibiting Defendant Robbins from soliciting expert witness testimony from individuals who Defendant has not designated as expert witnesses pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure.

It is well established that any party who wishes to present the testimony of an expert witness at trial must adhere to the mandatory disclosure requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure. This includes the disclosure of (a) the identity or identities of any potential expert witnesses and (b) a written report prepared by the expert witness, see Fed. R. Civ. P. 26(a)(2)(A), (B), or, at the very least, disclosure of the subject matter of the witness's testimony and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(C). These disclosure requirements are "intended to provide opposing parties reasonable

opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." OFS Fitel, LLC v. Epstein, Becker and Green, P.C., 549 F.3d 1344, 1363 (11th Cir. 2008) (internal quotation marks omitted). "Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." Reese v. Herbert, 527 F.3d 1253, 1266 (11th Cir. 2008) (internal quotation marks omitted).

Rule 37(c)(1) of the Federal Rules of Civil Procedure prohibits a party from introducing the testimony of an expert witness when that party fails to comply with the mandatory disclosure requirements of Rule 26(a)(1) except where such a failure is "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1).

Defendant cannot show that either exception applies here. At no point during the litigation of this matter has Defendant disclosed to Plaintiff that he will be introducing any "expert" testimony at trial. Admitting a never-before- disclosed expert witness whom Plaintiff has never been permitted to depose and who has never submitted any expert report would not be harmless. And Defendant cannot at this point show any belated disclosure of an expert witness to be justified.

Accordingly, Plaintiff requests that this Court issue an Order prohibiting Defendant from soliciting testimony from any witness which would be in the nature of expert witness testimony.

**2. Defendant May Not Present Argument or Testimony Concerning the Financial Condition of Defendant and His Ability to Pay a Judgment**

Plaintiff also requests that the Court enter an order in limine precluding Defendant from presenting evidence or argument about his financial condition or ability to pay a judgment. The financial condition of Defendant Robbins is irrelevant for all purposes.

Plaintiff recognizes the long-standing practice that evidence of a liability insurance policy or an employer's indemnification practices is generally inadmissible. Against this backdrop, however, defense counsel may attempt to argue to the jury that Plaintiff is seeking to force Defendant to pay a lot of money or asking the Court to enter a verdict that could financially ruin him. Such an argument flies in the face of the State of Georgia's history of paying victims of police or state officer abuse for the civil rights violations of its police and other state officers. Where, as here, the State of Georgia's longstanding practice is to pay the judgments against and settlements made on behalf of the police and other state officers for whom it provides a defense, the

State attorneys representing Robbins must not be permitted to mislead the jury as to just who will pay for any judgment that the jury awards.

### A. The State of Georgia's Practice Is to Indemnify Police Officers it Defends

The State of Georgia routinely indemnifies officers for claims arising from their violations of civil rights when the State provides defense to those officers. The State of Georgia Attorney General's Office is providing legal defense to Defendant Robbins.

### B. Allowing Robbins to Claim Inability to Pay a Judgment Will Mislead the Jury and Unfairly Prejudice Plaintiff Palmer

Robbins is being defended by the State of Georgia and the historic practice by the State is to indemnify Officers just like him. Defendant Robbins (and his employer, the State of Georgia) must not be allowed to hide behind the traditional inadmissibility of liability insurance and inadmissibility of the State's indemnification practices to mislead the jury into believing that Robbins would personally have to pay the verdict. Such evidence is irrelevant to the only issues in this case – whether Defendant falsely accused (caused the arrest) and maliciously prosecuted Plaintiff without probable cause and in violation of his rights under the Fourth Amendment. And any such testimony or argument would simply serve to "open the door" to additional evidence

not directly relevant to those issues, including evidence of the State's actual indemnification practice. "The defendant should not be allowed to plead poverty if his employer or an insurance company is going to pick up the tab." Kemezy v. Peters, 79 F.3d 33, 37 (7th Cir. 1996) (citing DeLoach v. Bevers, 922 F.2d 618, 624 (10th Cir. 1990)); Garnes v. Fleming Landfill, Inc., 186 W. Va. 656, 413 S.E.2d 897, 910 (W. Va. 1991); DeMatteo v. Simon, 112 N.M. 112, 812 P.2d 361, 364 (N. Mex. Ct. App. 1991).

Where the likelihood that Robbins will be indemnified by the State of Georgia is a virtual certainty, the Court must not permit the State Attorneys to mislead the jury by arguing that Robbins would be personally financially responsible for the ultimate award made by the jury or by arguing that an award to Palmer will financially burden Robbins.

Palmer prays that this Court issue an Order by which Counsel for Robbins are prohibited from making such arguments to the jury and are prohibited from eliciting testimony or evidence along the same lines.

3. **Defendant Is Not Allowed to Argue That Plaintiff's FinancialCondition Should Affect the Jury's Award of Damages**

Plaintiff also asks for an order prohibiting Defendant from introducing evidence or making argument about his financial condition.

Plaintiff's financial condition has no bearing whatsoever on any fact "of consequence in determining" the issues presented in this lawsuit. Such irrelevant evidence is therefore inadmissible. *See* Fed. R. Evid. 401, 402. The law entitles Plaintiff to be compensated fully for all damages properly determined by the jury to have been occasioned by Defendant's wrongful conduct. Moreover, even if evidence of Plaintiffs' financial condition were in some way marginally relevant, any such relevance would be substantially outweighed by the risk that such evidence could unduly prejudice the jury against him, confuse the issues the jury must decide, and mislead the jury. *See* Fed. R. Evid. 403. The extent of what Plaintiff may recover under the law is not affected by Plaintiff's financial well-being, and the Court should disallow any mention of this subject matter at trial.

**4. No Reference to Statutory Attorneys' Fees**

The Court should also enter an order excluding any reference to Plaintiff's entitlement to an award of attorneys' fees. Plaintiff's potential entitlement to an award of attorneys' fees under 42 U.S.C.§ 1988(b), and Defendant's potential liability for Section 1988 fees, are irrelevant to the issue of Section 1983 liability. Evidence or argument pertaining to fee liability or taxpayer burden from that liability should not be admitted at trial or referred to by counsel in their questioning, remarks, or summations.

In Brooks v. Cook, 938 F.2d 1048 (9th Cir. 1991), the Court ruled that because the question of a plaintiff's eligibility for an award of attorneys' fees under 42 U.S.C. § 1988(b) is irrelevant in determining Section 1983 liability or damages, it was error for defense counsel to argue in summary and for the trial judge to instruct that the plaintiff would be eligible for attorneys' fees if he recovered even nominal damages. Id. at 1050-52; see also Fisher v. City of Memphis, 234 F.3d 312, 319 (6th Cir. 2000) (holding it would be "clearly prejudicial" to permit the jury to learn about the possibility of recovery of fees "when it is deciding the merits of the underlying § 1983 action"); HBE Leasing Corp. v. Frank, 22 F.3d 41(2d Cir. 1994) (improper for jury to be informed about availability of treble damages and attorney's fees in RICO actions).

**5. No Reference to When and Why the Plaintiff Contacted, or Contracted With, His Attorney, or the Terms of Their Engagement**

Defendant and his counsel should also be precluded from making any reference to, or argument concerning, the timing of, the fact of, and terms under which Plaintiff sought out of and contracted with his attorney. Plaintiff's manner of seeking out and obtaining counsel and his contractual arrangements with counsel (including any retainer or engagement agreement) have no bearing upon any of the issues before the jury or this court. Plaintiff's relationship with his lawyers is wholly irrelevant to any issue properly before the jury.

In fact, the timing of either party's engagement of counsel has no bearing on any issue in this case and is irrelevant to the questions to be determined by the jury. Plaintiff therefore moves the Court for an order prohibiting any evidence regarding, reference to, or suggestion about when, how, why, or pursuant to what terms plaintiff hired counsel, and prohibiting defendant from suggesting, arguing, eliciting testimony, or otherwise offering any evidence as to any matter relating to the time or circumstances under which plaintiff employed counsel in this case. Any such reference runs the risk of intruding upon privileges associated with the attorney-client relationship, work-product, and litigation strategy.

Courts in this Circuit have held that evidence or argument about parties' "attorneys' fees and costs" or "retainer agreement[s] with counsel" are "inadmissible" and should therefore be excluded from trial. *E.g.*, Orellana v. Tecta Am. S. Fla., Inc., No. 10-20137-CIV, 2011 WL 13220457, at *2 (S.D. Fla. May 23, 2011). Other courts have emphasized that evidence and argument about how a Plaintiff decided to take action generally should be excluded as irrelevant, highly prejudicial, and potentially invasive of the attorney-client privilege and work-product doctrine. For instance, the Georgia Court of Appeals has held that admitting

evidence and argument about when a legal action was instituted is reversible error. Turner v. W.E. Pruett Co., 202 Ga. App. 287, 288 (1991). And the Missouri Court of Appeals has held that the law should not discourage parties from exercising their legal rights and exercising one's right to use the legal system within the rules and procedures should normally not be used to discredit a litigant with the jury. Carlyle v. Lai, 783 S.W.2d 925, 929 (Mo. App. 1989). "The right to seek the advice of counsel is so fundamental that, absent a justifiable reason and supporting evidence, counsel risk reversal when attempting to discredit a litigant by cross-examining him about the time and circumstances of her having consulted an attorney to discuss and exercise his legal rights." Id; see also Travis v. Vandergriff, 384 S.W.2d 936, 938 (Tex. App. Waco 1964) (explaining that questioning "as to when [the plaintiff] first thought about filing this lawsuit. . . was wholly immaterial and irrelevant as to the cause of the injury, as to the liability, and as to the amount of damages").

**6. No reference to Plaintiff's Prior Arrests**

Plaintiff also moves in *limine* to exclude any reference to or argument about conduct – including prior arrests of Plaintiff or alleged prior violations of any ordinance or law – by him. Any such evidence would be irrelevant to the issues at the trial. Such evidence would also be improper "other acts" evidence that would be

inadmissible under Federal Rule of Evidence 404(b). And even if the Court found evidence of Plaintiff's prior arrests had some marginal relevance, that relevance would be substantially outweighed by the risk that telling the jury about those arrests would be unduly prejudicial and confuse the narrow issues the jury will be called on to decide.

Thus, even if the Court looked past the relevance and Rule 404 problems with evidence of prior arrests, the Court should still exclude such evidence under Federal Rule of Evidence 403 because any marginal relevance such evidence may have is substantially outweighed by the risk that the jury will be confused by it or reach conclusions about Plaintiff's claims on improper grounds.

**7. No reference that witness Theresa Raines is or was homeless.**

The issue of homelessness of witness Theresa Raines is irrelevant to the issues in this case and therefore inadmissible under Federal Rule of Evidence 402.

Defendant has indicated that he may seek to discuss Ms. Raines' homelessness for the purpose of implying that (1) Ms. Raines is homeless because she lost her job at Herty and (2) she therefore has a motive to lie due to her holding a grudge against Mr. Robbins because of losing her job with Herty.

There is absolutely no evidence within any portion of the record developed in discovery that would support any of the above two premises. Defendant's above

argument can be described by a syllogism that reads: Ms. Raines is homeless because she lost her job with Herty and she is lying because she lost her job with Herty - *concluding* that therefore Ms. Raines is lying because she is homeless. This syllogism has as its premises two entirely speculative statements with no support in the evidence – thus making its conclusion equally speculative as well.

Mere circumstance or status of homelessness should not relegate a witness to that of a second class witness when it comes to reliability or credibility. Should there be other circumstances that put Ms. Raines' (or any other witness' for that matter) credibility in question – Defendant is free to raise them. However – homelessness – without more – is not such a circumstance.

Even should the court find that there is some slight relevance to discussing Ms. Raines' homelessness – such testimony should nevertheless be excluded under Federal Rule of Evidence 403 because any relevance of such evidence is outweighed by the prejudicial effect that the stigma of homelessness will have on the jury's assessment of Ms. Raines' testimony.

## CONCLUSION

For the reasons set forth above Plaintiff respectfully requests that his motions in limine be granted.

Respectfully submitted, this 11th day of February, 2022.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing BRIEF IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE with the Clerk of Court using the CM/ECF system which will cause service by electronic mail to all attorneys of record:

Brian E. Goldberg
Wade W. Herring, III
State Law Department
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
E-mail: bgoldberg@law.ga.gov

This 11th day of February, 2022.

/s/Drago Cepar, Jr.
Drago Cepar, Jr.
Georgia Bar No. 142362

1900 The Exchange
Suite 490
Atlanta, Georgia 30339
Phone: 770-940-3233
Fax: 770-874-2987
dcepar@gmail.com