## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | | |
|---|---|---|
| MICHAEL PALMER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV419-167 |
| | ) | |
| RICHARD ROBBINS, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court are two motions *in limine*, one from Plaintiff Michael Palmer and one from Defendant Richard Robbins.   *See* docs. 70 (Defendant's motion) & 71 (Plaintiff's motion).   The background of this 42 U.S.C. § 1983 case is described in the District Judge's Order granting Robbins' former co-defendants' Motion for Summary Judgment.   *See* doc. 54 at 2-7.   The sole remaining claim, after summary judgment was granted, is Plaintiff's Fourth Amendment malicious prosecution claim against Robbins.   *Id.* at 30.   That claim arises from Robbins' accusation that Plaintiff stole gas from Hearty Advanced Materials Development Center, a division of Georgia Southern University, where he was employed.   *Id.* at 2, 6.   A pretrial conference is scheduled for April 11, 2022, and jury selection and trial are scheduled for April 19, 2022.   *See*

docket entries dated March 29, 2022.   The parties have filed their respective responses to the motions *in limine*, *see* docs. 72 & 74, and replies, *see* docs. 76 & 79.   The motions are, therefore, ripe for disposition.

The Court **GRANTS** as unopposed the portions of each motion to which both sides agree.[1]   Before considering the opposed portions of the motions, however, it is worth reminding that motions *in limine* in essence seek a prophylactic against the introduction of damaging evidence that could "'irretrievably affect the fairness of the trial.'"   *Benson v.*

---

[1]   Defendant does not oppose Plaintiff's request to exclude testimony from undisclosed experts, *see* doc. 72 at 1, and evidence or argument concerning statutory attorney's fees, *id.* at 2.   Defendant also does not oppose Plaintiff's request to exclude "reference to when and why Plaintiff contacted, or contracted with, his attorney, or the terms of their engagement," *id.* at 2.   Defendant's consent to these exclusions is conditioned, however, upon reciprocal restrictions on Plaintiff.   *Id.* at 1-2.   Plaintiff has not responded to those conditions.   *See generally* doc. 76-1.   Although presented in a somewhat informal manner, the Court will construe Plaintiff's failure to respond to the conditions as consent.   *Cf.* S.D. Ga. L. Civ. R. 7.5.   Accordingly, Plaintiff's Motion is **GRANTED**, in part as unopposed.   Doc. 71 (as to items, (1), (4), and (5)).   Plaintiff is also **DIRECTED** that he may not call undisclosed experts, present evidence or argument concerning statutory attorney's fees, or refer to the terms of Defendant's attorney retention agreement.

Plaintiff does not oppose Defendant's request to exclude evidence related to actions or policies of the State of Georgia or Georgia Board of Regents, other than Georgia Southern University policy related to employee discipline, *see* doc. 74-1 at 14, and evidence concerning Defendant's insurance coverage, *id.* at 19.   Accordingly, Defendant's Motion is **GRANTED**, in part as unopposed.   Doc. 70 (as to items (3) and (6) in Defendant's motion).

*Facemyer*, 2017 WL 1400558, at * 1 (N.D. Ga. April 19, 2017) (quoting

*Soto v. Geico Indem. Co.*, 2014 WL 3644247 at * 1 (M.D. Fla. July 21,

2014)).   Courts thus grant them "'only if the evidence in question is

clearly inadmissible.'"   *Hamilton v. Lanier*, 464 F. Supp. 3d 1379, 1381

(S.D. Ga. 2020) (quoting *Stewart v. Hooters of Am., Inc.*, 2007 WL

1752873, at *1 (M.D. Fla. Jun. 18, 2007); *see also Benson*, 2017 WL

1400558, at *1 (quoting *Wilson v. Pepsi Bottling Grp., Inc.*, 609 F. Supp.

2d 1350, 1359 (N.D. Ga. 2009)) (citing *Ohler v. United States*, 529 U.S.

753, 758 n. 3 (2000) ("[*I]n limine* rulings are not binding on the trial judge

. . . .")).

## I.   PLAINTIFF'S MOTION (Doc. 71)

### A.   Defendant's Financial Condition

Plaintiff seeks to preclude Defendant from presenting evidence or

argument concerning Defendant's financial condition or ability to pay a

judgment on the grounds that Defendant's financial condition is

irrelevant.   Doc. 71-1 at 4-6.   Defendant argues that his financial

condition is relevant, to the extent that Plaintiff seeks punitive damages.

*See* doc. 72 at 1-2 (citing *Maley v. Corizon Health, Inc.*, 2019 WL 1370860,

at *8 (S.D. Ga. Mar. 26, 2019)); *see also Merritt v. Marlin Outdoor Advertising, Ltd.*, 2012 WL 1098549, at *5 (S.D. Ga. Mar. 30, 2012). Plaintiff's reply apparently abandons his argument that Defendant's financial condition is irrelevant.   *See* doc. 76-1 at 1-2.   To the extent that Plaintiff seeks to preclude evidence of Robbins' financial condition on relevancy grounds, therefore, his request is **DENIED**.   Doc. 71, in part.

Despite conceding the relevance of Robbins' financial condition to the determination of punitive damages, Plaintiff asserts that any such argument would be misleading, in the absence of a corresponding presentation of "the State's actual indemnification practice."   Doc. 71-1 at 5-6.   Defendant's response does not address Plaintiff's argument concerning indemnification at all.   *See* doc. 72 at 1-2.   The United States District Court for the Northern District has noted that "[t]here is authority to support the contention that insurance coverage for punitive damage awards is relevant and admissible evidence to rebut a defendant's assertion that a punitive damages award would impact its

finances." *In re Wright Med. Tech., Inc.*, 2015 WL 6690046, *3 n. 7 (N.D. Ga. Oct. 30, 2015).

Since Defendant does not appear to oppose Plaintiff's contention of the conditional relevance of the State's indemnification against any punitive damages awarded, that evidence is not precluded.   However, Plaintiff's suggestion that allowing discussion of Defendant's financial condition should permit him "to discuss insurance" goes entirely too far. *See* doc. 76-1 at 2.   Plaintiff has, after all, consented to Defendant's Motion *in limine* to exclude reference to Defendant's insurance coverage. *See* doc. 70-1 at 14, doc. 74-1 at 19.   However, a more limited ruling is warranted.   If Defendant introduces evidence of his financial condition, Plaintiff is entitled to introduce evidence of indemnification.   *See Valdes v. Miami-Dade Cnty.*, 2015 WL 7253045, at *13 (S.D. Fla. Nov. 17, 2015) (citing *Wallace v. Poulos*, 861 F. Supp. 2d 587, 602 (D. Md. 2012) (discussing application of Fed. R. Evid. 411 to admissibility of indemnification agreement in consideration of punitive damages)).

### B.   Plaintiff's Financial Condition

Plaintiff contends that evidence concerning his financial condition is irrelevant.   Doc. 71-1 at 7.   Further, he contends, that even if it were relevant, the risks of prejudice or confusion substantially outweigh its probative value.   *See id.* (citing Fed. R. Evid. 403).   Defendant argues that Plaintiff's "financial condition," is relevant to the extent that he contends "lost wages and/or lost future income can form a basis of a compensatory damages award."   Doc. 72 at 2 (citing *Slicker v. Jackson*, 215 F.3d 1225, 1231 (11th Cir. 2000)).   However, Defendant concedes that Plaintiff's "financial condition" is only relevant to the extent of "his past and current employment situation and corresponding income."   *Id.* Plaintiff apparently concedes that theory of relevance, but suggests that such presentation "can be done without delving into Defendant's [sic] assets and/or net worth," and seeks a corresponding limitation.   Doc. 76-1 at 2.

Since the parties do not substantially disagree about the scope of the permissible presentation of Plaintiff's "financial condition," Plaintiff's request is **GRANTED, in part**, and **DENIED, in part**.   Doc. 71.   It is

granted to the extent it seeks to exclude evidence or argument concerning Plaintiff's "assets and/or net worth," and denied to the extent that it seeks to exclude evidence or argument concerning Plaintiff's "past and current employment situation and corresponding income."

### C.   Plaintiff's Prior Arrests

Plaintiff seeks to exclude reference to "prior arrests of Plaintiff or alleged prior violations of any ordinance or law . . . ."   Doc. 71-1 at 10-11. He contends that any such reference would be impermissible "other acts" evidence, pursuant to Federal Rule of Evidence 404(b), and that the risk of prejudice or confusion substantially outweighs the probative value of any such evidence.   *Id.* at 11 (citing Fed. R. Evid. 403).   Defendant responds that Plaintiff's prior arrests may be relevant in rebuttal of any testimony that his damages are based, in part, on "the claimed trauma of being arrested . . . ."   Doc. 72 at 2-3 (citing Fed. R. Evid. 401, 402, 608, 611).   Plaintiff replies that evidence of his prior arrests would not be relevant to rebut testimony concerning aspects of the arrest at issue that were particularly traumatic and reiterates his contention that evidence

related to them is properly excluded under Rule 403.   *See* doc. 76-1 at 2-4.

"The real purpose of a Motion In Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial." *Hamilton*, 464 F. Supp. 3d at 1380-81 (internal quotation marks and citation omitted).   Defendant's theory of the relevance of Plaintiff's prior arrests is limited.   *See* doc. 72 at 3 (conceding that prior arrests are relevant "solely to rebut" testimony about trauma of arrest and prosecution).   The probative value of that evidence is, therefore, relatively slight.   Moreover, Plaintiff points out that "admission of evidence of prior arrests would give a false impression regarding Mr. Palmer as a (non) law abiding citizen and would require an extensive discussion of each particular arrest in order to 'rehabilitate' Mr. Palmer in the eyes of the jury and to ensure that the arrests are presented in the correct light."   Doc. 76-1 at 3 (punctuation in original).   The Court is, therefore, convinced that the probative value of the evidence of Plaintiff's prior arrests is substantially outweighed by a danger of unfair prejudice

and confusing the issues.   Fed. R. Evid. 403; *see also, e.g., United States v. 0.161 Acres of Land, more or less, situated in City of Birmingham, Jefferson Cnty., Ala.*, 837 F.2d 1036, 1042 (11th Cir. 1988) ("The risk of confusing rebuttal testimony is properly considered in a Rule 403 analysis.").   His Motion is, therefore, **GRANTED**.[2]   Doc. 71.

### D.   Witness Theresa Raines' Homelessness

Plaintiff's final disputed *in limine* request is to exclude any reference to the fact that one of his witnesses, Theresa Raines, is—or recently was—homeless.   Doc. 71-1 at 11-12.   Plaintiff contends that Raines' homelessness is irrelevant.   *Id.*   Defendant contends that Raines' homelessness is relevant to her potential bias, but that contention is extremely terse.   *See* doc. 72 at 3.   Plaintiff provides some background, vicariously, that Raines may have become homeless because she lost a job at Hearty, where Defendant is a supervisor.   *See* doc. 71-1 at 11-12; *see also* doc. 72 at 3 (alleging "Ms. Raines is a former employee at the location where Defendant is a supervisor . . . .").   Plaintiff's reply

---

[2]   Since the Court concludes that evidence of Plaintiff's prior arrests is excludable under Rule 403, it has not considered whether evidence of those arrests might also be excluded under Rule 404.

points out that, despite Defendant's suggestive language, there is no evidence supporting the causal connection between her prior employment and her homelessness.[3]   *See* doc. 76-1 at 4-5.

In the first place, the Court is skeptical of Defendant's theory of relevance.   Even though the Court agrees, as discussed below, that Raines' potential bias is a permissible inquiry, her potential bias seems wholly established by any adverse employment action she suffered while employed "at the location where Defendant is a supervisor."   The argument that a consequence of such an adverse action is probative of bias is strained, at best.   To the extent, then, that Raines' living situation is relevant at all, its probative value is practically *de minimis*.   Although the Court is not convinced that "the prejudicial effect [of] the stigma of homelessness" is particularly weighty, it is sufficient to

---

[3]   The Court notes that it is entirely unclear from the parties' briefing that Defendant was Raines' supervisor, or that they were even employed at the same time.   *See, e.g.* doc. 72 at 3 (contending Raines "is a former employee *at the location* where Defendant is a supervisor").   Moreover, there is no allegation that Raines was terminated from her employment.   *See id.*; *see also* doc. 71-1 at 11-12 (stating only that Raines "lost her job").

substantially outweigh the extremely limited probative value of the evidence.   Accordingly, Plaintiff's request is **GRANTED**.[4]   Doc. 71.

Accordingly, Plaintiff's Motion *in Limine* is **GRANTED, in part**, and **DENIED, in part**.   Doc. 71.   The specific issues raised in Plaintiff's Motion are resolved as follows[5]:

(1)   Plaintiff's request to exclude undisclosed expert witnesses is **GRANTED** as unopposed;

(2)   Plaintiff's request to exclude argument or testimony concerning Defendant's financial condition is **DENIED**;

(3)   Plaintiff's request to exclude evidence or argument concerning his financial position is **GRANTED, in part**, and **DENIED, in part**;

(4)   Plaintiff's request to exclude reference to statutory attorneys' fees is **GRANTED** as unopposed;

(5)   Plaintiff's request to exclude reference to the circumstances or terms of his engagement of his attorney is **GRANTED** as unopposed;

(6)   Plaintiff's request to exclude reference to his prior arrests is **GRANTED**; and

(7)   Plaintiff's request to exclude reference to Theresa Raines' homelessness is **GRANTED**.

---

[4]  To ensure that the scope of the Court's ruling is clear, the Court emphasizes that *only* evidence of Raines' homelessness is excluded.   As Plaintiff concedes "other circumstances that put Ms. Raines' . . . credibility in question," including the circumstances of her former employment, are available bases for examination.   *See* doc. 71-1 at 12.

[5]  The numbers below correspond to the numbered subsections of Plaintiff's Motion. *See generally* doc. 71.

## II.    DEFENDANT'S MOTION (Doc. 70)

Before considering the substance of the disputed portions of Defendant's Motion *in Limine*, the Court must address Plaintiff's argument that the motion, generally, is deficient.   *See* doc. 74-1 at 5-8. Specifically, Plaintiff argues that each of Defendant's requests is, to a greater or lesser extent, impermissibly vague.   *See id.* at 5-8.   Plaintiff does not cite to any authority that motions *in limine* must meet a specificity threshold, but the Court agrees that the limitation of such relief to evidence that is "clearly inadmissible for any purpose," *Hamilton*, 464 F. Supp. 3d at 1381, inherently requires the evidence to be identified relatively clearly.   As discussed more fully below, the Court agrees that, in some instances, Defendant's presentation is too vague to merit relief.   However, Plaintiff's criticism does not warrant summarily rejecting all of Defendant's requests.

### A.    Other Claims and Parties

Defendant seeks to exclude reference to "dismissed claims," along with other "bad acts."   Doc. 70-1 at 1-2; *see also* doc. 79 at 1-2 (explaining that "topics covered by this request" include "the claims against the

dismissed defendants, the claims sounding in equal protection and/or intentional discrimination, and various potential bad acts by other parties associated with Defendant's employer."). Plaintiff asserts that Defendant's request is "entirely too vague." Doc. 74-1 at 8. As to the virtually inscrutable references to "various potential bad acts by other parties," doc. 79 at 2, as distinct from the discussion of Defendant's more specific requests below, Plaintiff's objection is well-taken. The Court simply cannot say that such a nebulous category is comprised of nothing but evidence "clearly inadmissible for any purpose." To the extent that Defendant's motion seeks exclusion of such evidence, it is **DENIED, in part**. Doc. 70.

However, Defendant's argument that references to claims against the dismissed defendants and to dismissed claims against Robbins are irrelevant and potentially confusing is neither vague nor impracticable. *See* doc. 70-1 at 2; *see also, e.g., Wills v. Royston*, 2017 WL 9439104, at *1 (N.D. Ga. Nov. 16, 2017) (citing *Hamilton v. CSX Transp., Inc.*, 2006 WL 1992369, at *6 (S.D. Ga. Jul. 14, 2006)) ("Evidence or argument relating only to previously-dismissed claims is irrelevant.[,]" and excludible

13

pursuant to Rule 403 "as unduly prejudicial, as substantially likely to confuse the jury, or as time-wasting."). Accordingly, to the extent that Defendant requests that the parties be precluded from referring to those claims it is **GRANTED, in part**. Doc. 70. However, that exclusion is limited to reference to the claims themselves, not to any general category of evidence. Defendant's requests related to more specific categories of "other acts" is discussed below.

## B. Other Acts Evidence

"Defendant . . . anticipates that Plaintiff may attempt to present evidence or elicit testimony accusing him of other bad acts to demonstrate a propensity to act improperly as to Plaintiff, or otherwise just generally cast Defendant in a bad light." Doc. 70-1 at 3. Although Plaintiff's objection that the Defendant's request is "entirely too vague" is not without merit, doc. 74-1 at 8, there are several requests sufficiently specific for the Court to consider. Defendant's reply refers to two specific "other acts" as "the primary topics" of his motion. Doc. 79 at 2. The Court identifies a further topic, which the parties treat separately. *See, e.g.,* doc. 70-1 at 7 (distinguishing request to exclude other-act evidence

"[p]ertaining to [o]ther GSU [e]mployees").   To the extent that Defendant seeks to exclude any evidence beyond the specific topics discussed below, his request is **DENIED**.   Doc. 70.

The first specific evidence that Defendant seeks to exclude is related to his purchase of a cement mixer.   *See* doc. 70-1 at 3.   His reference to the anticipated evidence is not entirely clear.   *Id.* (referring to Plaintiff's possible allegation "that approximately a decade ago, Defendant Robbins may have used a cement mixer that belonged to GSU in connection with home repairs . . . .")   Plaintiff clarifies that the evidence in question is related to Defendant's deposition testimony "that he purchased a cement mixer with company money and . . . that he could not recall a single time that this cement mixer was used for any company related purpose."   Doc. 74-1 at 9.   Plaintiff concedes that there is some ambiguity concerning when the cement mixer was purchased or used, *id.* at 9-10, but contends that the alleged misuse is relevant to prove "motive," *id.* at 10.   Defendant replies that Plaintiff has "conflat[ed] testimony regarding the cement mixer that is on property . . . with argument regarding a separate cement mixer (not owned by [Defendant's

employer]) that . . . Robbins used for a home renovation many years ago."
Doc. 79 at 2.

Despite the relative obscurity of the parties' dispute, the Court is
unconvinced that Plaintiff's cursory reference to "motive" is sufficient to
overcome Defendant's challenge.   As Defendant points out, evidence
related to prior bad acts, like misusing an employer's property, are
generally inadmissible.   Fed. R. Evid. 404(b)(1); *see* doc. 70-1 at 4.   "To
be admissible, Rule 404(b) evidence must (1) be relevant to one of the
enumerated issues and not to the defendant's character; (2) the prior act
must be proved sufficiently to permit a jury determination that the
defendant committed the act; and (3) the evidence's probative value
cannot be substantially outweighed by its undue prejudice, and the
evidence must satisfy Rule 403."   *Wills*, 2017 WL 9439104, at *2
(internal quotation marks and alterations omitted) (quoting *United
States v. Chavez*, 204 F.3d 1305, 1307 (11th Cir. 2000)).   Further, courts
outside this Circuit have recognized that, "Rule 404(b) is a rule of general
exclusion," and the party seeking to admit other-acts evidence must
"demonstrate that the evidence is admissible for a non-propensity

16

purpose." *See, e.g., Hill v. Lappin*, 2019 WL 2602132, at *2 (M.D. Pa. Jun. 25, 2019) (internal quotation marks omitted) (quoting *United States v. Repak*, 852 F.3d 230, 240 (3d Cir. 2017)).

Plaintiff has simply not sufficiently established that the prior-act evidence concerning any cement mixer is admissible under Rule 404(b). Plaintiff's theory of relevance—that Defendant's "having a history of misusing company property would provide a motive for . . . Robbins to knowingly accuse other people of such acts as stealing gas in order to deflect blame and suspicion from himself," doc. 74-1 at 10, is not implausible.   However, "[t]he proponent of the evidence must articulate precisely the evidentiary hypothesis by which a fact of consequence may be inferred from the other acts evidence."   *Wills*, 2017 WL 9439104, at *2 (internal quotation marks and citation omitted).   Plaintiff's theory of admissibility does not obviously rise to that standard.   Even if it did, the ambiguity in the chronology and the identity of the cement mixer precludes the Court from finding that Plaintiff has proved "the prior act . . . sufficiently to permit a jury determination that the defendant

committed [it]." *Id.* Accordingly, Defendant's request to exclude evidence related to the "cement mixer," is **GRANTED**. Doc. 70.

The second category of evidence that Defendant seeks to exclude as "other acts," is "prior alleged acts of racism by Defendant Robbins." Doc. 70-1 at 3. Plaintiff's objection that, to the extent Defendant seeks to exclude "any testimony that in any way refers to racial epithets used, racial animus, [or] racially charged attitudes," his motion is insufficiently specific is well-taken. Doc. 74-1 at 11-12. Defendant's reply indicates that his principal concern relates to "the claim sounding in equal protection and/or intentional discrimination." Doc. 79 at 2. Reference to those claims has been excluded above.

Defendant's argument that evidence of prior acts "of racism," doc. 70-1 at 3, whatever he intends that category to include, can be excluded under either Rule 401 or 403 must fail. Plaintiff's explanation that testimony relevant to Defendant's motive to falsely accuse him of theft may implicate allegations of racial animus is sufficient to avoid exclusion under those rules. *See* doc. 74-1 at 12. Defendant's reply effectively concedes that theory, but asserts, in a wholly conclusory fashion, that the

probative value of evidence implicating Defendant's alleged racial animus "would be outweighed by unfair prejudice."  Doc. 79 at 2.  That bare assertion is simply not enough to show that *any* evidence implicating the Defendant's racial animus must be excluded.

Despite the insufficiency of Defendant's arguments under Rules 401 and 403, as explained above, his argument under Rule 404 is compelling.  Alleged prior acts implicating Defendant's alleged racial animus are presumptively excluded by Rule 404(b).  Again, Plaintiff has articulated a plausible theory of their relevance, but has failed to establish the other prerequisites for admission under Rule 404(b)(2).  *See Mapp*, 2013 WL 5350629, at *2.  Defendant's request to exclude evidence of his alleged racist conduct is, therefore, **GRANTED**.  Doc. 70.  However, the parties' presentation is simply insufficiently clear for the undersigned to anticipate exactly how that exclusion will apply to specific testimony.  *See, e.g.,* doc. 74-1 at 13 (arguing that "testimony . . . related to the description of the environment and the power play in which the investigation of the gas thefts was conducted" should be admitted).  Any party who anticipates presenting evidence or testimony that may be

excluded should, to the extent practicable, seek an express ruling from the District Judge concerning admissibility before proffering the evidence or soliciting the testimony.

The final category of "other acts" evidence that Defendant seeks to exclude is evidence that Plaintiff "has been subjected to abuse (whether racial or otherwise) by other employees of GSU." Doc. 70-1 at 8. He contends that such evidence is irrelevant, excludable as "bad act evidence," pursuant to Rule 404(b), and excludable under Rule 403. Doc. 70-1 at 7-8. Plaintiff responds that Defendant's argument is, again, too vague. *See* doc. 74-1 at 13-14. Defendant's reply clarifies that his principal concern is "evidence or argument about any alleged acts of racism or harassment by other employees, based on a concern that a jury would draw some sort of propensity inference that is not even based on the acts of Defendant himself." Doc. 79 at 3.

As discussed above, Plaintiff's vagueness argument is not without considerable merit. And, again, the generality of Defendant's argument prevents the Court from excluding evidence categorically under Rules 401 or 403. As to this category, however, Rule 404 does not provide

Defendant any basis for exclusion.   He offers *no* argument that a party may exclude evidence of other non-parties' prior bad acts under Rule 404(b).   *See* doc. 70-1 at 8-9; *see also* doc. 79 at 3.   Defendant's virtually meaningless assertion of his concern that "a jury would draw *some sort of propensity inference*," based on evidence of third-party conduct is not sufficient to invoke Rule 404(b)'s exclusive force.   To the extent that Defendant seeks to categorically exclude evidence of inappropriate conduct by "other employees of GSU," doc. 70-1 at 8, his request is **DENIED**.   Doc. 70.

### C.   Hearsay

Defendant identifies deposition testimony from two witnesses, Mr. Parker and Ms. Raines, along with a recording and prior statements from a third witness, Mr. Winston, that he contends contain inadmissible hearsay.   *See* doc. 70-1 at 11-13.   Plaintiff responds that Defendant's hearsay objection is premature.   *See* doc. 74-1 at 14-17.   He, therefore, contends that "an objection will have to be made for each particular piece of testimony to determine whether it falls within the category listed by the Defendant and if it does—is it actually hearsay in the context and

under the circumstances under which it is offered." *Id.* at 15. Defendant does not address Plaintiff's pragmatic argument. *See* doc. 79 at 3-4. The Court finds that argument convincing.

It is clear beyond dispute that hearsay is generally inadmissible. Fed. R. Evid. 802. However, whether particular testimony is hearsay cannot be determined categorically. *See e.g.,* Fed. R. Evid. 801(c)(2). The fact that Defendant does not articulate *specifically* what testimony he contends is hearsay precludes any definitive determination that it is excludable on that basis. *See, e.g.,* doc. 79 at 3 (stating that Defendant "seeks exclusion on hearsay grounds *of much if not all*" of multiple witnesses' testimony (emphasis added)). As this Court has recognized, exclusion based on a motion *in limine* is appropriate "only if the evidence is clearly inadmissible for any purpose." *Hamilton*, 464 F. Supp. 3d at 1381. It is simply impossible for the Court to say that testimony is "clearly inadmissible" on hearsay grounds when the Defendant cannot even specify the testimony in question. To the extent that Defendant seeks to exclude broad swathes of hypothetical testimony on hearsay grounds, his request is **DENIED**. Doc. 70. That denial, however,

should not be construed as limiting Defendant's ability to interpose a hearsay objection to any particular testimony or evidence. *Cf.* doc. 74-1 at 15 (recognizing the propriety of specific hearsay objections).

### D. Plaintiff's Family's Testimony

Defendant objects to testimony from Plaintiff's father, wife, and daughter to the extent that it "relate[s] to the impact that Plaintiff's arrest had on them." Doc. 70-1 at 13. He argues that any vicarious effect of Plaintiff's arrest is not relevant. *Id.* He also contends that permitting such testimony would confuse the jury and risk unfair prejudice. *Id.* He also objects to any attempt to "proffer the testimony of [Plaintiff's] father as a means to try to admit the hearsay recordings that were allegedly made of Mr. Winston, who is a dismissed defendant in this case." *Id.* Plaintiff responds that the witnesses' testimony is not offered to prove the effect his arrest had on them, but to prove the effect it had on him. Doc. 74-1 at 17. He also argues that his father's testimony is necessary to lay the foundation for admission of a video recording he intends to introduce into evidence, and which Defendant has also proffered as an exhibit. *See id.* at 19. Defendant's reply merely

reasserts his objection that the disputed testimony would "make this case about [the witnesses'] potential claims," and "would be unfairly prejudicial." Doc. 79 at 4.

Since Plaintiff has identified potentially proper purposes for the witnesses' testimony, the Court will not prevent them from testifying entirely. *See, e.g., Hamilton*, 464 F. Supp. 3d at 1381. However, Plaintiff's response effectively concedes Defendant's contention that any testimony offered by Plaintiff's father, wife, or daughter about the effect of his arrest on them is irrelevant and risks both confusion and unfair prejudice. *See* doc. 74-1 at 17. Accordingly, to the extent that Defendant seeks to exclude "testimony [that] would relate to the impact that Plaintiff's arrest had on them," doc. 70-1 at 13, his request is **GRANTED, in part**, doc. 70. To the extent that it seeks to exclude any other testimony, it is **DENIED, in part**. *Id.*

24

Accordingly, Defendant's Motion *in Limine* is **GRANTED, in part,** and **DENIED, in part**.   Doc. 70.   The specific issues raised in Defednant's Motion are resolved as follows[6]:

(1)   Defendant's request to exclude "evidence regarding other claims and other parties," doc. 70 at 1, is **GRANTED in part**, and **DENIED, in part**;

(2)   Defendant's request to exclude other-act evidence is **GRANTED, in part**, and **DENIED, in part**, as explained above;

(3)   Defendant's request to exclude evidence "regarding alleged Georgia Board of Regents policy violations or bad acts by the State of Georgia or the Georgia Board of Regents," is **GRANTED** as unopposed;

(4)   Defendant's request to exclude unspecified statements as hearsay is **DENIED**, subject to more specific objections at trial;

(5)   Defendant's request to exclude "any testimony by Plaintiff's father, wife, or daughter," doc. 70 at 1, is **GRANTED, in part**, and **DENIED, in part**; and

(6)   Defendant's request to exclude any evidence regarding insurance coverage is **GRANTED** as unopposed.

## III.  CONCLUSION

In summary, Plaintiff's Motion *in Limine* is **GRANTED, in part**, and **DENIED, in part**.   Doc. 71.   Defendant's Motion *in Limine* is also **GRANTED, in part**, and **DENIED, in part**.   Doc. 70.   Any rulings on

---

[6]   The numbers below correspond to the numbered subsections of Defendant's Motion.   *See generally* doc. 70.

the admissibility of evidence not expressly discussed herein are

**DEFERRED** to the district judge at trial.

      **SO ORDERED,** this <u>8th</u> day of April, 2022.

                                          CHRISTOPHER L. RAY
                                          UNITED STATES MAGISTRATE JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA

26