IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MICHAEL PALMER,

    Plaintiff,

v.

RICHARD ROBBINS,

    Defendant.

CIVIL ACTION NO.: 4:19-cv-167

**O R D E R**

Plaintiff Michael Palmer sued Defendant Richard Robbins, asserting that Defendant maliciously prosecuted him in violation of Plaintiff's Fourth Amendment rights under the United States Constitution. (Doc. 8.) The Court held a jury trial commencing on April 19, 2022, (doc. 94), and the jury returned a verdict in favor of Defendant, determining that Defendant did not cause a criminal proceeding to be instituted or continued against Plaintiff, (doc. 100). Presently before the Court is Plaintiff's Motion for New Trial, in which Plaintiff argues that the jury's verdict is against the great weight of the evidence presented at trial and that no reasonable jury could have reached the verdict. (Docs. 108, 108-1.) Defendant filed a Response, (doc. 109), and Plaintiff filed a Reply, (doc. 110).

"[E]very litigant is entitled to one fair trial, not two." Glassman Constr. Co. v. U.S. *ex rel* Clark-Fontana Paint Co., 421 F.2d 212, 215 (4th Cir. 1970). Federal Rule of Civil Procedure 59(a) provides that a litigant may be granted a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A).

"Motions for a new trial are within the sound discretion of the district court." Hessen *ex rel* Allstate Ins. Co. v. Jaguar Cars, Inc., 915 F.2d 641, 644 (11th Cir. 1990). Furthermore, a party must ordinarily cite to portions of the trial transcript to obtain the extraordinary relief of a new trial. See Carlton v. C.O. Pearson, 384 F. Supp. 3d 382, 386–87 (W.D.N.Y. 2019) ("Generally speaking, specific reliance upon the trial transcript is necessary to demonstrate one's entitlement to relief on a Rule 59 motion based upon determinations at trial. Thus, to the extent Plaintiff's motion is based upon any perceived infirmity in the Court's rulings at trial, his failure to rely upon any aspect of the trial transcript is fatal to his assertions.") (citations omitted); Bumpers for Estate of Bumpers v. Austal U.S.A., L.L.C., No. 08-00155-KD-N, 2015 WL 13664949, at *2 (S.D. Ala. June 1, 2015) ("To the extent Plaintiffs wished to argue any particular objections as grounds for new trial, they should have done so specifically in their motions with citations to the record in support.").

Plaintiff argues that a new trial is warranted in this case because the "conclusion reached by the jury could not have been reached on the basis of the testimony and evidence that was presented at trial." (Doc. 108-1, p. 10.) According to Plaintiff, the verdict is against "the clear or great weight of the evidence[,] and . . . no reasonable jury could have reached the verdict this jury reached based on the evidence that was presented." (Id.) However, Plaintiff does not cite to the trial transcript, trial exhibits, or any other evidence in support of his argument. (See id. at pp. 1– 22.) Instead, the facts raised in Plaintiff's Motion are based on Plaintiff's counsel's "best recollection" of what occurred at trial. (See id. at p.1 n.1 ("This recitation of evidence presented at trial is done without the benefit of a transcript and according to the best recollection of Plaintiff's counsel.").) For his part, Defendant responds—without citing to the trial transcript—that "Plaintiff relies in significant part on what appear to be mischaracterizations (or possibly mis-recollections) of the facts, and misunderstandings of the law, which are insufficient to meet his already high

2

burden to receive the exceptional relief that he seeks." (Doc. 109, p. 1; see id. at pp. 1–8.) Defendant also points out that "Plaintiff has not submitted a trial transcript in support of his [Motion for New Trial]", which "does not seem sufficient to establish entitlement to the exceptional relief of a new trial." (Id. at p. 2 (quotations omitted).) Furthermore, there is no indication that either party has ordered a copy of the trial transcript.

Plaintiff's counsel's recollection of the trial record alone is insufficient to support Plaintiff's Motion for New Trial, since it argues that there was insufficient evidence to support the jury's verdict. See, e.g., Smiley v. Gary Crossley Ford, Inc., No. 14-00201-CV-W-SWH, 2016 WL 1642679, at *1 (W.D. Mo. Apr. 25, 2016) ("[T]he issues raised by [P]laintiff are based upon a claim that there was insufficient evidence to support the jury's verdict. These issues normally require a review of the trial transcript. Where none is supplied, the court is left to decide the matter based on memory or by scouring its notes or other unofficial recordings of the proceedings."). This is especially true where, as here, Defendant disputes Plaintiff's recollection and characterization of the testimony and evidence presented at trial. (See, e.g., doc. 109, p. 3 ("Plaintiff's recollection does not seem to fully correspond with what transpired, and what the jury saw and heard. . . . Plaintiff downplays the significance of . . . testimony, and in some instances, mischaracterizes it.").) Indeed,

> [i]t is not sufficient for counsel to present [a motion for new trial] relying entirely on counsel's recollections from the trial record; such recollections and characterizations are often mistaken about the precise content of the testimony, skewed, conflated with statements made by witnesses outside of trial, or otherwise unreliable in a host of ways. Moreover, the failure to supply a transcript prevents a party from specifically citing the Court to the particular location in the record where the evidence may be found; general references to "witnesses testified that . . ." or even "witness X testified that . . ." require the Court to canvass the record and speculate about which particular statements by a witness the party is relying upon. This improperly requires the Court to adopt the role of advocate.

Martinez v. Valdez, 125 F. Supp. 3d 1190, 1196–97 (D. Colo. 2015).  In short, the lack of a transcript "significantly hinder[s]" the Court's consideration of Plaintiff's Motion for New Trial. Sellner v. MAT Indus., LLC, No. 13-1289 ADM/LIB, 2018 WL 4829184, at *3 (D. Minn. Oct. 4, 2018).  Given the factual nature of Plaintiff's Motion and the specifics of this case, the Court simply cannot grant Plaintiff the relief he seeks without a thorough review of the trial transcript. Moreover, the Motion does not comply with this Court's Local Rule 7.1, which provides that "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record . . . ."  Local Rule 7.1(b).  Thus, in line with the cases cited herein, the Court could deny Plaintiff's Motion for New Trial based on the lack of trial transcript and citation to the record.  However, in an abundance of caution, the Court provides Plaintiff an opportunity to obtain the trial transcript and then supplement his Motion for New Trial with citations to the trial transcript.  See Local Rule 83.32 ("The party ordering such transcript, except in CJA cases, cases proceeding *in forma pauperis*, or cases in which the government is the party ordering such transcription, shall pay to the reporter, in advance, the reasonable estimate of the cost of such transcription as made by the court reporter.").

Based on the foregoing, if Plaintiff desires to pursue his Motion for New Trial, the Court **DIRECTS** him to order a copy of the trial transcript within **SEVEN (7) DAYS** of the date of this Order.  Should Plaintiff choose to order the transcript and proceed with his Motion, he shall supplement his Motion for New Trial with citations to the trial transcript within **FOURTEEN (14) DAYS** of receipt of the trial transcript.  Defendant shall have **SEVEN (7) DAYS** from the filing of Plaintiff's supplement to file any Response.  Plaintiff is, of course, free to choose not to order a copy of the transcript and instead rest on his Motion for New Trial as currently filed or withdraw his Motion.  However, Plaintiff is forewarned that should he decline to order a copy of the

transcript and/or supplement his Motion for New Trial within the deadlines prescribed herein, his Motion for New Trial will be subject to denial.

**SO ORDERED**, this 8th day of August, 2022.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA